**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
David A. Blansky, Esq.
Wendy J. Rothstein, Esq.
*Attorneys for Gregory Messer, as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

|  |  |
|---|---|
| | Chapter 7 |
| | Case No. 18-13098-MG |

LEE ALEXANDER BRESSLER,

         Debtor.
-----------------------------------------------------------x
GREGORY MESSER, ESQ., as Chapter 7
Trustee of Lee Alexander Bressler,              Adv Pro. No.

         Plaintiff,
   -against-                          **COMPLAINT**

CARLYN McCAFFREY, solely as TRUSTEE OF THE
JANE C. BRESSLER 2014 REVOCABLE TRUST,
THE JANE C. BRESSLER 2014 REVOCABLE
TRUST, LEE BRESSLER and SCOTT
BRESSLER,

         Defendants.
-----------------------------------------------------------x

Plaintiff, Gregory Messer, Esq., solely as Chapter 7 Trustee ("Plaintiff") of the estate of

Lee Alexander Bressler (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as

and for his Complaint against defendants Carlyn McCaffrey, solely as Trustee of the Jane C.

Bressler 2014 Revocable Trust ("Carlyn McCaffrey"), The Jane C. Bressler 2014 Revocable Trust

(the "2014 Revocable Trust"), Lee Bressler, individually, and Scott Bressler, individually

(collectively, the "Defendants"), alleges as follows:

1

## NATURE OF THE ACTION

1. This adversary proceeding is brought by Plaintiff (i) for declaratory relief finding that the Debtor's entitlement to his share of the assets of the 2014 Revocable Trust is property of the bankruptcy estate; (ii) for the turnover of property of the estate; and (iii) for injunctive relief preventing the transfer, conveyance or other disposition of funds held in any account maintained by or on behalf of the 2014 Revocable Trust at The Northern Trust Company and the personal property bequeathed to the Debtor.

## SUBJECT MATTER JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 541, and 542 (the "Bankruptcy Code") and Rules 6009, 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the New York Estates, Powers & Trusts Law ("EPTL"), and New York common law.

4. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (b)(2)(E).

6. Plaintiff is authorized to file this action pursuant to Bankruptcy Code § 323 and Bankruptcy Rule 6009.

7. Pursuant to Local Rule 7008-1 of the Bankruptcy Court for the Southern District of New York, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent

consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES AND PROCEDURAL HISTORY

8.      On October 12, 2018 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

9.      Plaintiff was appointed Chapter 7 Trustee, has since qualified and is now the permanent Trustee administering the Debtor's estate.

10.     Plaintiff is authorized to file this action under Bankruptcy Code § 323 and Bankruptcy Rule 6009.

11.     The Jane C. Bressler Revocable Trust is a trust that exists pursuant to the Jane C. Bressler 2014 Revocable Trust Agreement (the "Trust Agreement"), attached hereto as Exhibit [].

12.     Carlyn McCaffrey is an attorney admitted to the practice of law in the state of New York and a partner at McDermott Will & Emery LLP in its New York City office.

13.     At all relevant times=, Carlyn McCaffrey was, and continues to be, the Trustee of the 2014 Revocable Trust.

14.     The Debtor is an individual residing at 120 East 87th Street, Apt. R20G, New York, NY 10128.

15.     Scott Bressler ("Scott") is an individual residing at is an individual residing at 68 Hancock Street # A, San Francisco, CA 94114-2620.

16.     Scott is the Debtor's brother.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A.    The 2014 Revocable Trust

17.     On December 19, 2014, Jane C. Bressler, as grantor, executed the Trust Agreement, by which she created the 2014 Revocable Trust.

18.     Pursuant to Article II(F) of the Trust Agreement, the 2014 Revocable Trust was to terminate upon the death of Jane C. Bressler.

19.     Jane C. Bressler died on August 5, 2015.

20.     The Debtor and Scott Bressler are the sole natural issue of Jane C. Bressler.

21.     Pursuant to Article XIV of the Trust Agreement, Carlyn McCaffrey was designed to serve as trustee of the 2014 Revocable Trust upon the death of Jane C. Bressler.

22.     Pursuant to Article II(F) of the Trust Agreement, upon the termination of the 2014 Revocable Trust when Jane C. Bressler died, Carlyn McCaffrey, as trustee, was to dispose of certain personal property and the other assets (the latter being the "Trust Fund") of the 2014 Revocable Trust in accordance with the terms of the 2014 Revocable Trust.

23.     Upon termination of the 2014 Revocable Trust, pursuant to Article III of the Trust Agreement, Carlyn McCaffrey, as trustee was to distribute certain items of tangible personal property to Debtor, Scott Bressler, non-party Amy Bressler, and non-party Aaron M. Painter.

24.     The items of tangible personal property to be distributed to the Debtor included Jane C. Bressler's tourmaline and diamond gold ring given to her by her husband on the occasion of the Debtor's birth and her glass and metal rifle sculpture by Carmen Spera, entitled *Like Ice, Baby, Like Ice* from the Dangerous Beauty Series, 2011.

4

25. Upon termination of the 2014 Revocable Trust, pursuant to Article IV of the Trust Agreement, Carlyn McCaffrey, as trustee was to distribute certain monetary gifts to Scott, non-party Amy Bressler, and non-party Lubomira Mateeva Lazarova.

26. Upon termination of the 2014 Revocable Trust, pursuant to Article VI of Trust Agreement, Carlyn McCaffrey, as trustee, was to distribute the balance of the trust fund after the disposition of certain tangible personal property and general gifts, to the Debtor and Scott, as the sole issue of Jane C. Bressler, after payment of death taxes, debts and expenses, as provided for in Article VII of the Trust Agreement.

27. Upon information and belief, Carlyn McCaffrey, as trustee, made distributions of cash to certain beneficiaries under the Trust Agreement subsequent to Jane C. Bressler's passing and prior to the Filing Date.

28. According to the sworn affidavit of the Debtor in support of a motion to vacate a restraining notice in a New York state court action brought by creditors of this bankruptcy estate, said trusts in the name of the Debtor and Scott, respectively, were not established upon Jane C. Bressler's death, nor have they since been established due to "administrative reasons". A copy of said affidavit is annexed hereto at Exhibit "A". See paragraph 27 of Exhibit "A."

29. The administration of the 2014 Revocable Trust has been unduly and unreasonably prolonged.

30. The 2014 Revocable Trust is considered terminated for taxation purposes under 26 CFR § 1.641(b)-3 and applicable New York State tax law.

31. The value of the 2014 Revocable Trust was $2,382,690.72 on the Filing Date.

32. The value of the 2014 Revocable Trust was $2,287.193.00 as of December 23, 2020.

## FIRST CAUSE OF ACTION
### 11 USC § 541(a) (Declaratory Judgment- Property of the Estate)

33.     Plaintiff re-alleges each allegation contained in paragraphs "1" through "32" of the Complaint as if fully set forth herein.

34.     Carlyn McCaffrey, as trustee, was required under the terms of the Trust Agreement to distribute personal property and disburse of the Trust Fund following Jane C. Bressler's death.

35.     Pursuant to § 41(a)(1) of the Bankruptcy Code, property of the estate includes "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case."

36.     The Debtor's interest in certain tangible personal property and the balance of the Trust Fund arose prior to the commencement of the Debtor's bankruptcy case upon the passing of Jane C. Bressler.

37.     Debtor's interest in certain personal property and his equal share of the balance of the Trust Fund constitute property of the estate under 11 U.S.C. § 541(a)(1).

38.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants declaring that, pursuant to the Trust Agreement, Debtor's interest in certain personal property and an equal share of the balance of the Trust Fund constitutes property of the Debtor's estate, as of the date of the death of Jane C. Bressler, on August 5, 2015.

## SECOND CAUSE OF ACTION
### 11 U.S.C. § 542(a) (Turnover and Accounting)

39.     Plaintiff re-alleges each allegation contained in paragraph "1" through "38" of the Complaint as if fully set forth herein.

40.     Upon information and belief, Defendant Carlyn McCaffrey, as trustee of the 2014 Revocable Trust, is in possession, custody or control of certain personal property and the balance of the Trust Fund.

41.     Defendant 2014 Revocable Trust is in possession, custody or control of certain personal property and the balance of the Trust Fund.

42.     Upon information and belief, the Debtor is in possession, custody or control of certain personal assets and the balance of the Trust Fund.

43.     Any and all property, proceeds or other interest under the 2014 Revocable Trust to which the Debtor is entitled constitutes property of the bankruptcy estate which the Trustee would be able to use, sell or lease in connection with the performance of his duties.

44.     Defendants are required to turnover to Plaintiff and account for such property pursuant to 11 U.S.C. § 542(a).

45.     The Debtor's interest in the balance of the Trust Fund is not of inconsequential value or benefit to this bankruptcy estate.

46.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants, jointly and severally, to deliver to him certain personal property and the balance of the Trust Fund and to account for such property or the value thereof.

### THIRD CAUSE OF ACTION
(Injunctive Relief pursuant to Bankruptcy Rule 7065)

47.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "46" as if set forth fully herein.

48.     The bankruptcy estate will suffer irreparable injury if the funds held in any account maintained by or on behalf of the 2014 Revocable Trust at The Northern Trust Company and the

personal property bequeathed to the Debtor under the 2014 Revocable Trust are not prevented from being transferred, conveyed or otherwise disposed of by Defendants.

49.    Plaintiff is likely to prevail on the merits of his claims against Defendants based upon the allegations set forth herein and the facts of this case.

50.    The balance of hardships weighs decidedly in favor of the granting of injunctive relief in view of the fact that the Debtor's personal property and his share of the balance of the Trust Fund is estate property.

51.    Consequently, Plaintiff seeks a preliminary injunction and permanent injunction preventing the Defendants from transferring, conveying or otherwise disposing of the Debtor's personal property and his share of the Trust Fund pending further order of this Court.

52.    Pursuant to §105 of the Bankruptcy Code and Rule 65 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7065, the Court may enjoin a party from proceeding with or continuing with a course of conduct or practice which depletes, diminishes and/or affects property and/or diminishes the value of those assets or impairs Plaintiff's recovery efforts.

53.    Defendants will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to prevent the dissipation of estate property

54.    By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a preliminary and permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against Defendants as follows:

1.      On his first claim for relief, a judgment, under § 541 of the Bankruptcy Code: (a) declaring the Debtor's interest in the personal property due to him under the terms of the 2014 Revocable Trust as well as his portion of the Trust Funds that remained as of August 5, 2015 to be the property of this bankruptcy estate.

2.      On his second claim for relief, under § 542 of the Bankruptcy Code directing Defendants to immediately turn over to Plaintiff certain personal property due the Debtor as of August 5, 2015 and the Debtor's interest in the Trust Fund and for a full and complete accounting;

3.      On his third claim for relief, pursuant to §105 of the Bankruptcy Code and Bankruptcy Rule 7065, made applicable herein by Rule 65 of The Federal Rules of Civil Procedure, enjoining Defendants from transferring, conveying or otherwise disposing of the Debtor's personal property and his share of the Trust Fund due him pending further order of this Court.

4.      For such other and further relief as the Court deems just and proper.

Dated: March 19, 2021
       Wantagh, New York

                                        **LAMONICA HERBST & MANISCALCO, LLP**
                                        Attorneys for Plaintiff, Gregory Messer, solely as
                                        Chapter 7 Trustee

                        By:     *s/David A. Blansky*
                                David A. Blansky
                                Gary F. Herbst
                                Wendy J. Rothstein
                                3305 Jerusalem Avenue
                                Wantagh, New York 11793
                                Telephone: 516.826.6500

m:\documents\company\cases\bressler, lee\adversary proceedings\trust adversary proceedings\2014 revocable trust complaint\2014 revocable trust complaint.final.docx